**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HEIDI CLARKE,<br><br>        Plaintiff;<br><br>v.<br><br>BEACON POINT RECOVERY, LLC d/b/a<br>AMBROSIA TREATMENT CENTER;<br><br>        Defendant. | **JURY DEMANDED**<br><br>Civil Action<br><br>No. _____ |

## COMPLAINT

Plaintiff, Heidi Clarke (hereinafter referred to as, "Plaintiff"), by and through her undersigned Counsel, hereby files this Complaint against Defendant Beacon Point Recovery, LLC d/b/a Ambrosia Treatment Center (hereinafter referred to as, "Defendant" or "Beacon Point"), and avers as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is an adult individual residing in Philadelphia, Pennsylvania, and, at all relevant times herein, was an employee of Defendant in Philadelphia, Pennsylvania.

2. Upon information and belief, Defendant Beacon Point is a Pennsylvania Limited Liability Company with a principal place of business at 2301 East Allegheny Avenue, Philadelphia, Pennsylvania 19134, and, at all times relevant herein, was Plaintiff's employer.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under the law of the United States, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA").

4. This Court has supplemental jurisdiction over related state law claims, under the Pennsylvania Minimum Wage Act, 35 P.S. § 333.101, et seq. ("PMWA"), pursuant to 28 U.S.C. § 1367(a) as they are sufficiently related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. At all relevant times herein, Defendant was a resident within this District as its contacts with this District were sufficient to subject it to personal jurisdiction.

## OPERATIVE FACTS

7. Beacon Point is a center that provides medical detoxification and residential treatment for addiction to alcohol, opiates, and other addictive substance and medications.

8. Defendant is an employer covered by the mandates of the FLSA and/or the PMWA.

9. In or around July of 2018, Defendant hired Plaintiff to work as a Receptionist.

10.    In or around September of 2018, Plaintiff then became an Admissions Specialist and earned $35,000 on an annual basis.

11.    Defendant considered Plaintiff to be an "exempt" employee.

12.    Plaintiff continued to earn $35,000 on an annual basis through the time of her resignation.

13.    The Admissions Specialist position does not require an advanced degree. Having a high school diploma and being ASAM certified was all that was necessary during Plaintiff's employment tenure.

14.    The organizational structure at Beacon Point, at the relevant time, was as follows:

     a. Owner;

     b. Executive Director;

     c. Director of Operations;

     d. Clinical Director;

     e. Facilities Director;

     f. Counselors;

     g. Nurses (RNs and LPNs;

     h. Resident Managers;

     i. Admissions Coordinator;

     j. Admissions Specialist (Plaintiff's position).

15.     As Admissions Specialist, Plaintiff was employed full-time, working forty hours per week, plus substantial overtime, which such overtime was unpaid.

16.     Plaintiff's overtime hours were mandatory and were required to be worked from home, outside of the regularly-scheduled time period of 8:00 A.M. through 4:00 P.M.

17.     While working at home, Plaintiff's duties and responsibilities included, but were not limited to, answering phones calls, reviewing faxes, inputting potential client referrals, and using a personal laptop to input client information into various systems.

18.     When there was an admission while nobody was present at Defendant's facility, regardless of the time, Plaintiff was required to go to the facility and conduct the admission.

19.     Plaintiff's overtime hours amounted to approximately three hours per day.

20.     Beacon Point had no process by which any total hours worked were to be accounted for or documented, whether they were worked at home or on-site.

21.     Plaintiff made multiple complaints to Kellyanne Matelski regarding the working hours and documenting thereof, to which Ms. Matelski would acknowledge the issues by stating, "I know," "Hang on," and "Things will get better," or words to that effect.

22.     During Plaintiff's employment, no changes were implemented or any progress made on the issues that Plaintiff complained of, as described above.

23.     Facilities Director, Reinaldo Olivo, stated to Ms. Matelski, "Anybody in admissions cannot be paid an hourly pay rate because you have to work from home," and, "There is no way to count the hours worked from home, because you don't clock in and out," or words to that effect.

24.     In or around January of 2021, Plaintiff resigned.

**Count I**
**Violation of the Fair Labor Standards Act,**
**29 U.S.C. § 201, et seq. ("FLSA")**

25.     Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

26.     At all times relevant herein, Plaintiff was employed with and by Defendant as an "employee" within the meaning of the FLSA.

27.     At all times relevant herein, Defendant Beacon Point was an "employer" of Plaintiff within the meaning of the FLSA.

28.     Under the FLSA, an employer must pay an employee who is not exempt from the overtime provisions of law at least one- and one-half times her base rate for each hour worked in excess of forty hours per work week.

29.     At all times relevant herein, Defendant was responsible for paying wages to Plaintiff.

30.     Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the FLSA.

31.     Defendant's violations of the FLSA include not paying Plaintiff any overtime pay for hours worked by her in excess of forty each work week.

32.     Defendant's conduct in failing to properly pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

33.     Nonpayment of the overtime wages was made at the direction of Defendant.

34.     As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**Count II**
**Violation of the Pennsylvania Minimum Wage**
**Act, 35 P.S. § 333.101, et seq. ("PMWA")**

35.     Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

36.     At all times relevant herein, Plaintiff was employed with and by Defendant as an "employee" within the meaning of the PMWA.

37.     At all times relevant herein, Defendant Beacon Point was an "employer" of Plaintiff within the meaning of the PMWA.

38.     Under the PMWA, an employer must pay a non-exempt employee at least one- and one-half times her base rate for each hour worked in excess of forty hours per work week.

39.     Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the PMWA.

40.     Defendant's violations of the PMWA include not paying Plaintiff any overtime pay for hours worked by her in excess of forty per week.

41.     Defendant's conduct in failing to properly pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

42.     Nonpayment of the overtime wages was made at the direction of Defendant Beacon Point.

43.     As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant and that this Court enter an Order providing that:

A.     Defendant is prohibited from continuing to maintain its illegal policy, practice, or custom in violation of federal and state wages and hours laws;

B.   Defendant is to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits she would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings. Plaintiff should be accorded those benefits illegally withheld;

C.   Plaintiff is to be awarded liquidated damages as applicable under the Fair Labor Standards Act and Pennsylvania's Minimum Wage Act in an amount equal to the actual damages in this case.

D.   Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

E.   Any other further relief this Court deems just, proper, and equitable.

Respectfully Submitted,

**Law Offices of Eric A. Shore, P.C.**

By: _____
Yvette C. Cave, Esq. (PA # 329607)
600 N. Jackson St., Ste. 201
Media, PA  19063
T: (610) 355-1999
F: (215) 944-6124
E: YvetteC@EricShore.com
*Attorneys for Plaintiff, Heidi Clarke*

Date: June 03, 2021